# United States District Court
## Southern District of Florida
### WEST PALM BEACH DIVISION

FILED by ___ D.C.

MAY 28 2003

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| | (For Offenses Committed On or After November 1, 1987) |
| v. | Case Number: 9:02CR80074-001 |
| SHELBY KENNETH MOORE | |

Counsel For Defendant: Joaquin Perez, Esq.
Counsel For The United States: AUSA Janice LeClainche
Court Reporter: Pauline Stipes

The defendant was found guilty on Counts ONE, TWO, and FIVE through TEN of the Second Superseding Indictment on October 24, 2002. Accordingly, the court has adjudicated that the defendant is guilty of the following offenses:

| TITLE/SECTION NUMBER | NATURE OF OFFENSE | DATE OFFENSE CONCLUDED | COUNT |
|---|---|---|---|
| 21 U.S.C. § 846 | Conspiracy to possess with intent to distribute five kilograms or more of a mixture containing cocaine and 50 grams or more of a mixture containing crack cocaine. | August 9, 2000 | ONE |
| 21 U.S.C. § 846 | conspiracy to possess with intent to distribute 50 grams or more of a mixture containing crack cocaine. | January 31, 2000 | TWO |
| 21 U.S.C. § 860 | Possession with intent to distribute five grams or more of a mixture containing a detectable amount of crack cocaine within 100 feet of a school. | April 3, 2002 | FIVE |
| 18 U.S.C. § 924 ©) | Possession of a firearm during and in relation to a drug trafficking crime. | April 3, 2002 | SIX |
| 18 U.S.C. § 922 (g)(2), and 924 (a)(2) | Possession of a firearm by a fugitive from justice. | April 3, 2002 | SEVEN |
| 18 U.S.C. § 922 (g)(2), and 924 (a)(2) | Possession of ammunition by a fugitive from justice. | April 3, 2002 | EIGHT |
| 18 U.S.C. § 922 (g)(9), and 924 (a)(2) | Possession of a firearm by a person convicted in a court of a misdemeanor crime of domestic violence. | April 3, 2002 | NINE |



| 18 U.S.C. § 922 (g)(9), and 924 (a)(2) | Possession of ammunition by a person convicted in a court of a misdemeanor crime of domestic violence. | April 3, 2002 | TEN |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

The defendant has been found not guilty on counts THREE and FOUR of the Second Superseding Indictment on October 24, 2002..

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No. 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
Defendant's Date of Birth: August 20, 1971
Deft's U.S. Marshal No.: 71907-004

Defendant's Mailing Address:
2304 North Congress Avenue, #712
Rivera Beach, FL 33404

Defendant's Residence Address:
2304 North Congress Avenue, #712
Rivera Beach, FL 33404

Date of Imposition of Sentence:
May 12, 2003

DANIEL T K HURLEY
United States District Judge

May 22, 2003

DEFENDANT: SHELBY KENNETH MOORE
CASE NUMBER: 9:02CR80074-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **420 months. This term of imprisonment consists of a term of 360 months as to each of Counts ONE, TWO, and FIVE of the Second Superseding Indictment, to be served concurrently; a term of 120 months as to Count SEVEN of the Second Superseding Indictment, to be served concurrently with the term of imprisonment imposed for Counts ONE, TWO, and FIVE, (Counts EIGHT, NINE, and TEN are merged with Count SEVEN, therefore no separate term of imprisonment shall be imposed), and a term of 60 months as to Count SIX of the Second Superseding Indictment, to be served consecutively to the term of imprisonment imposed for Counts ONE, TWO, FIVE, and SEVEN.**

The Court makes the following recommendations to the Bureau of Prisons:

> The court recommend the term of imprisonment be served at a facility in South Florida.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:_____
Deputy U.S. Marshal

DEFENDANT: SHELBY KENNETH MOORE
CASE NUMBER: 9:02CR80074-001

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **8 years. This term of supervised release consists of a term of 8 years as to each of Counts ONE, TWO, FIVE, SIX and SEVEN of the Second Superseding Indictment, to be served concurrently. Counts EIGHT, NINE, and TEN are merged with Count SEVEN therefore no term of supervised release shall be imposed as to those Counts.**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.
The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

**The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.**

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

**The defendant shall also comply with the additional conditions on the attached page.**

## STANDARD CONDITIONS OF SUPERVISION

1. the defendant shall not leave the judicial district without the permission of the court or probation officer;
2. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
3. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. the defendant shall support his or her dependents and meet other family responsibilities;
5. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. the defendant shall notify the probation officer **at least ten (10) days prior** to any change in residence or employment;
7. the defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11. the defendant shall notify the probation officer within **seventy-two (72) hours** of being arrested or questioned by a law enforcement officer;
12. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: SHELBY KENNETH MOORE
CASE NUMBER: 9:02CR80074-001

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of supervised release:

Provided the defendant has not reached the mandatory age of retirement, he shall maintain full-time, legitimate employment and not be unemployed for a term of more than 30 days, unless excused by the U.S. Probation Officer. Further, the defendant shall provide documentation, including but not limited to, pay stubs, contractual agreements, W-2 Wage and Earnings Statements, and any other documents requested by the U.S. Probation Office.

The defendant shall submit to a search of his person or property conducted in a reasonable manner and at a reasonable time by the U.S. Probation Officer.

DEFENDANT: SHELBY KENNETH MOORE
CASE NUMBER: 9:02CR80074-001

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| **$500.00** | $ | $ |

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT: SHELBY KENNETH MOORE
CASE NUMBER: 9:02CR80074-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

 A lump sum payment of **$500.00 is** due immediately.

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

**The assessment is payable to the U.S. COURTS and is to be addressed to:**

 **U.S. CLERK'S OFFICE**
 **ATTN: FINANCIAL SECTION**
 **301 N. MIAMI AVENUE, ROOM 150**
 **MIAMI, FLORIDA 33128**

**The assessment is payable immediately. The U.S. Bureau of Prisons, U.S. Probation Office and the U.S. Attorney's Office are responsible for the enforcement of this order.**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.