# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**Thomas K. Kahn**
Clerk

For rules and forms visit
www.ca11.uscourts.gov

May 26, 2004

Clarence Maddox
Clerk, U.S. District Court
701 Clematis St., Room 402
West Palm Beach  FL  33401



**Appeal Number: 03-12914-AA**
Case Style: USA v. Shelby Kenneth Moore
District Court Number: 02-80074 CR-DTKH

The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued as the mandate of this court.

Also enclosed are the following:
    Original Exhibits, consisting of: one folder, one psi
    Original record on appeal or review, consisting of: fifteen volumes

The district court clerk is requested to acknowledge receipt on the copy of this letter enclosed to the clerk.

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being mailed to counsel and pro se parties. A copy of the court's decision was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: James O. Delaney (404) 335-6113

Encl.

MDT-1 (03-2004)

# United States Court of Appeals
For the Eleventh Circuit

No. 03-12914

District Court Docket No.
02-80074-CR-DTKH

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

Apr 27, 2004

THOMAS K. KAHN
CLERK

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

versus

SHELBY KENNETH MOORE,
a.k.a. George,

        Defendant-Appellant,

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

---

Appeal from the United States District Court
for the Southern District of Florida

---

## JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

ISSUED AS MANDATE
MAY 2 6 2004
U.S. COURT OF APPEALS
ATLANTA, GA.

Entered:    April 27, 2004
For the Court:    Thomas K. Kahn, Clerk
By:    Jackson, Jarvis

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 2 7 2004
THOMAS K. KAHN
CLERK

No. 03-12914
Non-Argument Calendar

D. C. Docket No. 02-80074-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SHELBY KENNETH MOORE,
a.k.a. George,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Florida

(April 27, 2004)

Before TJOFLAT, ANDERSON and MARCUS, Circuit Judges.

PER CURIAM:

Shelby Kenneth Moore appeals his convictions and 420-month sentences for conspiracy to possess with intent to distribute 5 kilograms or more of cocaine and 50 grams or more of cocaine base, commonly known as "crack" cocaine, in violation of 21 U.S.C. § 846 (Count One), conspiracy to possess with intent to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. § 846 (Count Two), possession with intent to distribute 5 grams or more of crack cocaine within 1000 feet of a school, in violation of 21 U.S.C. § 860 (Count Five), possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count Six), possession of a firearm by a fugitive from justice, in violation of 18 U.S.C. §§ 922(g)(2) and 924(a)(2) (Count Seven), possession of ammunition by a fugitive from justice, in violation of 18 U.S.C. §§ 922(g)(2) and 924(a)(2) (Count Eight), possession of a firearm by a person convicted of a misdemeanor crime of domestic violence, in violation of 18 U.S.C. §§ 922(g)(9) and 924(a)(2) (Count Nine), and possession of ammunition by a person convicted of a misdemeanor crime of domestic violence, in violation of 18 U.S.C. §§ 922(g)(9) and 924(a)(2) (Count Ten). He was arrested following a tip police received from Pastor Dukes that a drug dealer in a gray Mercedes was at the Imperial Plaza. At the sentencing hearing, the district court calculated the drug

amounts attributable to Moore based on the trial testimony of witnesses Carl Williams, Tim Lewis, Marty Darrisaw, Derrick Allen, and Pierre Roseau.

Moore argues on appeal that the district court erred when it denied his motion to suppress the initial stop, because the tip provided to the police did not exhibit sufficient indicia of reliability. Additionally, he contends that the district court erred in its determination of the amount of drugs attributable to him from the testimony of Williams, Darrisaw, and Lewis, because the government did not establish the quantity by a preponderance of the evidence.

"Rulings on motions to suppress involve mixed questions of fact and law. Thus, we evaluate the district court's factual findings for clear error and evaluate its legal conclusions de novo." United States v. Lee, 68 F.3d 1267, 1270 (11th Cir. 1995). "The trial court's determination of the amount of drugs attributable to a defendant for sentencing purposes is a factual finding subject to reversal only if it constitutes clear error." Id. at 1274.

### I. Moore's Motion to Suppress Evidence

"It is acceptable under the Fourth Amendment for the police to stop persons and detain them briefly in order to investigate a reasonable suspicion that the persons have engaged or are about to engage in criminal activity." Id. The Supreme Court held in Adams v. Williams, 407 U.S. 143, 146-47, 92 S.Ct. 1921,

3

1923-24 (1972), that a police officer had reasonable suspicion based on a tip, because the informant had provided information in the past, was known personally by the officer, and, thus, was subject to arrest had the complaint turned out to be false. In a later case, the Supreme Court stated:

> Unlike a tip from a known informant whose reputation can be assessed and who can be held responsible if her allegations turn out to be fabricated, an anonymous tip alone seldom demonstrates the informant's basis of knowledge or veracity. As we have recognized, however, there are situations in which an anonymous tip, suitably corroborated, exhibits sufficient indicia of reliability to provide reasonable suspicion to make the investigatory stop.

Florida v. J.L., 529 U.S. 266, 270, 120 S.Ct. 1375, 1378 (2000) (internal citations omitted).

Here, unlike cases involving anonymous tips, the informant identified himself and the officers knew him. Therefore, his reputation for veracity could have been, and indeed was, assessed. Additionally, because the informant identified himself, he could have been held responsible had his allegations turned out to be false. Thus, the district court did not err in its finding that the police had a reasonable suspicion to stop Moore, because the officers who responded were entitled to rely on the dispatch, which informed them that a tip regarding illegal narcotics activity had been called in by Pastor Dukes, who was familiar to the officers.

## II. Drug Quantity Determination at Sentencing

"When a defendant challenges one of the factual bases of his sentence ... the Government has the burden of establishing the disputed fact by a preponderance of the evidence." United States v. Lawrence, 47 F.3d 1559, 1566 (11th Cir. 1995). The preponderance of the evidence burden "must be satisfied with reliable and specific evidence." United States v. Sepulveda, 115 F.3d 882, 890 (11th Cir. 1997). Where the district court "had the opportunity to observe [] witnesses first hand at trial," we accord "great deference to the district court's assessment of the credibility and evidentiary content of their testimony." Lee, 68 F.3d at 1276. "Although sentencing may be based on fair, accurate, and conservative estimates of the quantity of drugs attributable to a defendant, sentencing cannot be based on calculations of drug quantities that are merely speculative." United States v. Zapata, 139 F.3d 1355, 1359 (11th Cir. 1998). We have held that, where exclusion of improperly attributed drug amounts would have yielded "the same resulting base offense level" and the defendants "were sentenced to the lowest possible terms of imprisonment based on their offense levels and criminal history categories, we need not remand [for resentencing]." United States v. Newsome, 998 F.2d 1571, 1579 (11th Cir. 1993).

The district court did not clearly err in its determination of the drug amounts attributable to Moore. First of all, Moore does not challenge the amounts attributed to Allen or Roseau; the district court attributed 7.5 kilograms of crack cocaine and 7.5 kilograms of powder cocaine from Allen's testimony and 560 grams of crack cocaine and 25 kilograms of powder cocaine from Roseau's. These amounts, standing alone, are enough to support Moore's base offense of 38, which requires 1.5 kilograms or more of crack cocaine, and hence does not warrant a remand for resentencing. See U.S.S.G. § 2D1.1(c). Additionally, the district court concluded that Williams, Lewis, and Darrisaw were credible witnesses. However, it calculated the amounts from each witness's testimony conservatively. For instance, Williams testified that he purchased a "50 pack" five days a week during the period of 1997 to 2000. But, the court only employed a forty-week year to arrive at the 300 grams of crack cocaine. Similarly, the court attributed only 18 kilograms from sales to Darrisaw, despite Darrisaw's testimony that he had purchased at least 20 kilograms. Thus, the district court did not clearly err because its determination of the drug amounts attributable to Moore was conservative and based on specific evidence from the trial testimony of witnesses it explicitly found reliable. Moreover, under Newsome, even if the amounts attributed from Williams, Darrisaw, and Lewis are excluded, remand for resentencing is not

6

required because Moore was sentenced to the low end of the guidelines range on these counts, 360 months.

Accordingly, we affirm.

**AFFIRMED.**

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia