

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

v.  CASE NO. 02-80074CR-Hurley

SHELBY KENNETH MOORE,

a/k/a "GEORGE,"

    Defendant.

_____/

### AMENDED MOTION TO SEVER AND/OR GRANT RELIEF FROM PREJUDICIAL JOINDER AND MEMORANDUM OF LAW

    Defendant, SHELBY KENNETH MOORE ("MOORE"), moves this Court to enter an Order severing the trial of counts one (1) through four (4) from counts five (5) through ten (10) of the Second Superseding Indictment which was returned on September 10, 2002, and each of counts one (1) through four (4) from each other, pursuant to Federal Rule of Criminal Procedure 8(a) and 14. In support of this motion, MOORE states the following:

    1. MOORE has been charged, in a ten (10) count Second Superseding Indictment, with count one, from on or about July, 1997, through on or about August 9, 2000, knowingly and intentionally conspiring to possess with the intent to distribute a Schedule II controlled substance, that is, five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine and fifty (50) grams or more of a mixture and substance containing a detectable about of cocaine base, in violation of Title 21, United States Code, Sections 841 and 846; count two, from in or about December, 1997, and continuing through in or about January, 2000, knowingly and intentionally conspiring to possess with intent to distribute a Schedule II controlled substance, that is, fifty (50)



grams or more of a mixture and substance containing a detectable amount of cocaine base, in violation of Title 21, United Sates Code, Sections 841 and 846; count three, from on or about January 16, 1998, continuing through in or about December, 1998, knowingly and intentionally conspiring to possess with intent to distribute a Schedule II controlled substance, that is, five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Sections 841 and 846; and count four, from in or about July 1998, and continuing through in or about June, 1999, knowingly and intentionally conspiring to possess with intent to distribute a Schedule II controlled substance, that is, five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841 and 846. Counts five (5) through (10) all allegedly occurred on April 3, 2002 and allege count five, on or about April 3, 2002, knowingly and intentionally possessing with intent to distribute a Schedule II controlled substance, that is, five (5) grams or more of a mixture and substance containing a detectable amount of cocaine base, commonly known as "crack" cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B), within one thousand (1000) feet of a school, to wit: John F. Kennedy Middle School, located at 1901 Avenue S, Riviera Beach, Florida, in violation of Title 21, United States Code, Section 860 (a); count six, on or about April 3, 2002, during and in relation to a drug trafficking crime, knowingly carrying or possessing in furtherance of that crime a firearm, in violation of Title 18, United States Code, Section 924(c); count seven, on or about April 3, 2002, being a fugitive from justice since on or about September 25, 1991, at the Houston County Circuit Court, Dothan, Alabama, in case number CC 90 97.01, and knowingly possessing a firearm in and affecting commerce, in violation of Title 18, United States Code, Section 922(g)(2) and 924(a)(2); count eight, on or about April 3, 2002, being a fugitive from justice since on or about September 25, 1991, at the Houston County Circuit Court, Dothan,

Alabama, in case number CC 90. 97.01, and knowingly possessing one or more rounds of ammunition, in violation of Title 18, United States Code, Section 922(g)(2) and 924(a)(2); count nine, on or about April 3, 2002, and having been convicted in a court of a misdemeanor crime of domestic violence, and knowingly possessing a firearm, in violation of Title 18, United States Code, Sections 922(g)(9) and 924(a)(2); and count ten, on or about April 3, 2002, having been convicted in a court of a misdemeanor crime of domestic violence, and knowingly possessing one or more rounds of ammunition, in violation of Title 18, United States Code, Sections 922(g)(9) and 924(a)(2).

2. The facts of the original Indictment, as well as the Superseding Indictment in this case, are now alleged in counts five (5) through ten (10) of the Second Superseding Indictment and are as follows:

On April 3, 3002, the Riviera Beach Police Department received a complaint about an alleged narcotics seller who was then at the time located at the Imperial Plaza, located at 1549 Blue Heron Boulevard, Riviera Beach, Florida. The Complaint alleged the drug seller was driving a silver Mercedes automobile.

After receiving the complaint, Agent Lewis, Agent Morris, and Sgt. Smith responded to the area of the Imperial Plaza in an unmarked vehicle. Once there, they observed a silver Mercedes leaving the area by pulling out of the parking lot towards West Blue Heron Boulevard. The silver Mercedes had tinted windows which did not allow the officers to identify the person driving the vehicle.

Based on the complaint, the agents initiated a traffic stop of the silver Mercedes. There was no traffic infraction observed. Once activating the unmarked vehicle's emergency lights, the silver Mercedes stopped immediately without incident. Agent Lewis approached the driver's side of the vehicle and observed an open twelve (12) ounce Budweiser can of beer in the cup holder of the

3

dashboard. Agent Lewis asked the driver, later identified as MOORE, to exit the vehicle.

When MOORE was asked to exit his vehicle, Agent Lewis claims MOORE displayed nervous behavior and appeared anxious. MOORE allegedly bent down as if to conceal something by his legs. Agent Lewis further claimed that MOORE'S hands were shaking, and he was also looking to his left and right rapidly. MOORE, however, complied with Agent Lewis' request to exit the vehicle. When Moore opened the car door to exit the vehicle, Sgt. Smith claims to have observed a firearm on the floor by the driver's seat, with the barrel of the firearm protruding from under the driver's seat and the wood handle of the firearm concealed underneath the driver's seat. MOORE was then detained by Agents Lewis and Morris, while Sgt. Smith pointed to a Smith and Wesson .357 firearm, which was chrome with a wood handle, and had the serial number of 9K3449.

MOORE was thereafter placed under arrest. Incident to the arrest of MOORE, a search of the silver Mercedes was conducted. In the center console of the vehicle, Agent Lewis found a plastic bag containing six (6) smaller clear ziplock baggies. Each of the ziplock baggies contained alleged rock cocaine. Sgt. Smith retrieved a brown pouch, also from the center console of the vehicle, inside of which was a plastic bag tied in a knot containing one (1) ziplock baggie with pieces of alleged rock cocaine inside of it. Lastly, a fifty (50) dollar bill was found, alleged to be counterfeit, inside of the brown pouch, but separate from the bag of alleged rock cocaine. A search of MOORE'S person then revealed $157.00 in United States currency.

3. The facts of counts one (1) through four (4) of the Second Superseding Indictment have nothing whatsoever to do with the April 3, 2002, incident giving rise to the charges now alleged in counts five (5) through ten (10). Each of counts one (1) through four (4) charge an independent lengthy historical conspiracy which in fact have nothing to do with each other. In count one MOORE is charged with a cocaine distribution conspiracy which lasted from about July 1997, through about

4

August, 2000. This three(3) year conspiracy allegedly concerns various drug dealings between MOORE and a convicted inmate named Pierre J.J. Rousseau. Count two (2) charges a separate cocaine distribution conspiracy which lasted from about December, 1997, through about January, 2000. This two (2) year conspiracy allegedly concerns various drug dealings between MOORE and a convicted inmate named Carl Williams. Count three (3) charges another separate cocaine distribution conspiracy which lasted from about January 16, 1998, through about December, 1998. This one (1) year conspiracy allegedly concerned the various drug dealing between MOORE and a convicted inmate named Tim Lewis. Count four (4) charged a fourth separate cocaine distribution conspiracy which lasted from about July, 1998, through about June, 1999. This one and one-half (1½) year conspiracy allegedly concerned various drug dealings between MOORE and convicted inmate named Marty Darisol.

4. Undersigned counsel has consulted with Janice LaClainche, Assistant United States Attorney, and she objects to this motion.

## MEMORANDUM OF LAW

Joinder of counts one through four, the conspiracy counts, and counts five through ten, the April 3, 2002 counts, in the above referenced Second Superseding Indictment is improper and would result in compelling prejudice against MOORE against which this Court can offer no protection at trial. *See United States v. Jacoby*, 955 F.2d 1527, 1542 (11th Cir. 1992); *United States v. Gardiner*, 955 F.2d 1492, 1496 (11th Cir. 1992). Pursuant to Rule 8(a) of the Federal Rules of Criminal Procedure,

> [t]wo or more offenses may be charged in the same indictment . . . if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.

5

In addition, Rule 14 of the Federal Rules of Criminal Procedure states,

> If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendant in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires. In ruling on a motion by a defendant for severance the court may order the attorney for the government to deliver to the court for inspection in camera any statements or confessions made by the defendants which the government intends to introduce in evidence at the trial.

The allegations in the conspiracy counts are alleged to have occurred at least two years prior to and as much as almost five (5) years prior to the allegations in the April 3, 2002 counts. As such, the conspiracy counts are entirely distinct in subject and in time from the April 3, 2002, counts. Furthermore, there is no evidentiary overlap whatsoever between any of the allegations of the conspiracy counts and the April 3, 2002, counts. *See contra United States v. Hersh*, 297 F.3d 1233 (11th Cir. 2002). Under the literal meaning of Rule 8(a), there is nothing about the conspiracy counts that is the same or of similar character as the cocaine possession and firearm possession counts which allegedly occurred on April 3, 2002. Specifically, the elements of the April 3, 2002 counts do not correspond or resemble the elements of the conspiracy counts, all of which allegedly occurred more than two (2) years prior to the April 3, 2002 offenses. The conspiracy offenses not only arise out of completely different acts and transactions, but they are not connected by any witness, time or other evidence. Since the conspiracy counts are too remote factually and too remote in time from the April 3, 2002 counts, they cannot be characterized as constituting parts of a common scheme or plan. *See contra United States v. Walser*, 3 F. 3d 380 (11th Cir. 1993).

Even if this Court were to find that joinder was technically proper, a severance should still be granted because MOORE would nonetheless suffer compelling prejudice. The jury would be unable to separate the events surrounding the conspiracy counts and the April 3, 2002 counts. Furthermore,

under all the circumstances, the jurors likely would be confused and unable to follow the Court's limiting instructions and appraise the independent evidence against MOORE solely on his own acts, statements, and conduct in relation to the allegations and render a fair and impartial trial. *See United States v. Walser*, 3 F. 3d 380 (11th Cir. 1993); *see also United States v. Silien*, 825 F.2d 320, 323 (11th Cir. 1987).

An additional and serious ground for a severance of counts one (1) through four (4) from counts five (5) through ten (10) of the Second Superseding Indictment is unique to this case. Defense counsel received a copy of the government's Second Superseding Indictment on September 11, 2002, relatively just prior to the scheduled Calendar Call of September 27, 2002. This is the second time that the government has filed a Superseding Indictment or Notice of 404(b) Evidence just prior to Calendar Call. At the time of the previous Calendar Call, a continuance of the cause was granted because of the government's filings just prior to that Calendar Call date. This Court admonished the government and stated that if it superseded the indictment once again near the time of Calendar Call, the Court would strongly consider a severance of the charges, thereby requiring the government to go forward first solely on the charges as stated in the first Superseding Indictment. This Court accurately predicted the government's actions. In the interests of justice, therefore, MOORE requests that this Court enter an Order of severing the conspiracy counts from the April 3, 2002 counts, and ordering the government to proceed on the first Superseding Indictment so that an additional continuance will not be needed.

WHEREFORE, the Defendant, SHELBY KENNETH MOORE, respectfully moves this Court to enter an Order severing the trial of counts one (1) through four (4) from counts five (5) through ten (10) and each of counts one (1) through four (4) from each other of the Second Superseding Indictment which was returned on September 10, 2002, pursuant to Federal Rule of

Criminal Procedure 8(a) and 14.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail/hand delivery to Janice Le Clainche, Assistant United States Attorney, Office of the United States Attorney, 500 Australian Avenue, Suite 400, West Palm Beach, Florida 33401, and to Defendant, SHELBY KENNETH MOORE, this ___ day of September, 2002.

Respectfully submitted,

EISENBERG & FOUTS, P.A.
Attorneys for Shelby Kenneth Moore
250 Australian Avenue South, Suite 704
West Palm Beach, Florida 33401-5007
561/659-2009

JAMES L. EISENBERG
Florida Bar No. 216615

KAI LI ALOE FOUTS
Florida Bar No. 0076790

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 02-80074-CR HURLEY DE# 130

☐ **DUE TO POOR QUALITY, THE ATTACHED DOCUMENT IS NOT SCANNED**

# ATTACHMENT(S) NOT SCANNED

☐ VOLUMINOUS (exceeds 999 pages = 4 inches)
☐ BOUND EXTRADITION PAPERS
☐ ADMINISTRATIVE RECORD (Social Security)
☐ ORIGINAL BANKRUPTCY TRANSCRIPT
☐ STATE COURT RECORD (Habeas Cases)
☒ SOUTHERN DISTRICT TRANSCRIPTS
☐ LEGAL SIZE
☐ DOUBLE SIDED
☐ PHOTOGRAPHS
☐ POOR QUALITY (e.g. light print, dark print, etc.)
☐ SURETY BOND (original or letter of undertaking)
☐ CD's, DVD's, VHS Tapes, Cassette Tapes
☐ OTHER = _____

**PLEASE REFER TO COURT FILE**