IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 02-80074-CR-HURLEY/VITUNAC(s)(s)

SHELBY KENNETH MOORE,

    Defendant/Movant/Petitioner,

Vs.

UNITED STATES OF AMERICA,

    Respondent.

_____/



## PRO-SE MOTION FOR MODIFICATION OF TERM OF IMPRISONMENT

**Comes Now,** the Defendant-Movant-Petitioner **Shelby Kenneth Moore**, Pro-se and in Forma Pauperis and respectfully moves this most Honorable District Court to modify movant's original sentence imposed by Six(6) levels pursuant to the United States Sentencing Commissions Retroactive Amendments 706, 750 and 782. In support movant states the following:

(1). Movant was sentenced pursuant to 50 grams or more of cocaine base in counts One(1), Two(2), and Five(5) of the indictment.

(2). Movant received a 360 month sentence of imprisonment on the aforementioned counts based upon the conviction obtain pursuant to a jury verdict and the amount of drugs cited within the Pre-sentence Investigation Report.

(3). Movant received an Eight(8) year term of Supervised Release to be served following the completion of movant's term of imprisonment.

(4). The Court sentenced movant base upon a guideline range for 4.5 kilograms or more of Cocaine Base which carried a base offense level of 38.

## PRO-SE RULE REQUESTED TO BE INVOKED

Defendant respectfully moves this most Honorable District Court to invoke the rules and authority that mandates that pro-se motion, and pleadings be liberally construed as ruled by the Supreme Court in Boag v. MacDougall, 454 U.S. 364, 70 L.Ed.2d 511 (1982). And Haines v. Kerner, 404 U.S. 519, 30 L.Ed.2d 652 (1972).

Movant asserts and contends that his pro-se pleading now before this most Honorable District Court are to be held to less stringent standards than formal pleadings drafted by lawyers. And if this Court can reasonably read the pleading to state a valid claim on which litigant could prevail, it should do so despite failure to cite legal authority, confusion, or litigants unfamiliarity with pleading requirements. Williams v. Griswald, 743 F.2d 1533 (11th Cir. 1984); Ferran v. Town of Nassau, 11 F.3d 21 (2nd Cir. 1993). Petitioner's pro-se motion should also be given fair and meaningful consideration, and must be liberally construed however inartfully pleaded. Talley v. Lane, 13 F.3d 1031 (7th Cir. 1994). And when this Honorable District Court is interpreting a pro-se litigant's papers, motions or pleadings, it should use common sense to determine what relief the party desires.

The Appellate Court in Green v. United States, 260 F.3d 78, 82 (2nd Cir. 2001) ruled:

> It is well settled that pro-se litigant generally are entitled to a liberal construction of their pleadings, which should be read "to raise the strongest arguments they suggest," Graham v. Henderson, 89 F.3d 75, 79 (2nd Cir. 1996)(quotation marks omitted); See Haines v. Kerner, 404 U.S. 519, 530, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)(holding that the allegations in a pro-se complaint are "held to less stringent standards than formal pleadings drafted by lawyers.").

Mederos v. United States, 218 F.3d 1252 (11th Cir. 2000), makes it plain that a pro-se collateral appeals motions are subject to a liberal construction citing Haines v. Kerner, Supra.

### AUTHORITY FOR MODIFICATION OF SENTENCE

Pursuant to 18 U.S.C. § 3582(c)(2) a court may modify a sentence that has lawfully been imposed pursuant to any amendment covered by the United States Sentencing Guideline Section 1B1.10(c).

"[A] judgement of conviction that includes [a sentence of imprisonment] constitutes as a final judgement' and may not be modified by a district court except in limited circumstances." Dillion v. United States, 130 S.Ct. 2683, 2690, 177 L.Ed.2d 271 (2010)(quoting § 3582(b)). "Section 3582(c)(2) permits a district court to reduce a term of imprisonment when it is based upon a sentencing range that has subsequently been lowered by an amendment to the Guidelines, if such a reduction is consistent with the policy statements issued by the Sentencing Commission." United States v. Gonzalez-Balderas, 05 F.3d 981, 982 (5th Cir. 1997).

There were a series of amendments created in order to reduce the Sentencing Guidelines commonly known as the "crack cocaine amendments." In 2007, the Sentencing Commission adopted Amendment 706, which "amended the guidelines applicable to cocaine base (i.e., crack cocaine) offenses by raising the quantity required to trigger each based offense level, effectively lowering each respective sentencing range." United States v. Evans, 587 F.3d 667, 669 n.1 (5th Cir. 2009)(citing U.S.S.G. App. C, amend. § 706 (Nov. 1, 2007)).

Amendment 706 was made retroactive by the subsequent Amendment 713. Id. (Citing U.S.S.G. App. C, amend. 713 Mar 3, 2008)). It was soon discovered that the original method of calculating set forth in Amendment 706 sometimes resulted in a "sentencing anomaly" whereby some offenders did not receive the benefit of the two-level reduction, whereby some others received "a reduction greater than intended." U.S.S.G. App. C, amend 715 (Reason for Amendment 706)(2008). In order to prevent such "bizarre results," the Sentencing Commission adopted Amendments 715 and 716. United States v. Woods, 581 F.3d 531, 537 7th Cir. 2009). Amendment 715 amended the method for calculating sentence reductions and Amendment 716 rendered Amendment 715 retroactive. U.S.S.G. app. C, amends 715-716 (2008). See e.g., United States v. Gaulfield, 634 F.3d 281 5th Cir. 2011).

In Kimbrough, the Supreme Court noted that a number of congressional concerns that led to the "100-to-1" disparity rested on discredited assumptions about crack cocaine. Kimbrough v. United States, 552 U.S. 85, 95-96, 128 S.Ct. 558, 567-68, 169 L.Ed.2d 481 (2007). In holding that district courts may depart from the crack cocaine guidelines based on their disagreement with the crack-to-powder cocaine disparity, the Court noted that "the Commission itself has reported that the crack/powder disparity produces disproportionately harsh sanctions, i.e., sentences for crack cocaine offenses 'greater than necessary' in light of the purposes of sentencing set forth in light of the purposes of sentencing set forth in § 3553(a)." Id. at 110, 128 S.Ct. at 575. Even so, the Court noted that the Commission's most recent reports acknowledged that "some differential" in treatment was warranted. Id. at 98, 128 S.Ct. at 568.

The Fair Sentencing Act ("FSA"), signed into law on August 3, 2010, changed the crack-to-powder ratio from 100:1 to about 18:1. See Pub.L. No 111-220, 124 Stat. 2372. The Act amended the sentencing provisions in 21 U.S.C. § 841(b)(1) by raising from 50 grams to 280 grams the amount of crack cocaine necessary to trigger a 10 year-mandatory minimum sentence, and raising the amount from 5 to 28 grams necessary to trigger a 5-year mandatory minimum. Id. § 841(b)(1)(A) and (b)(1)(B)(2014). However, because the FSA took effect in August 2010, the punishment of crimes committed before August 2010 is not affected by the Act pursuant to 1 U.S.C § 109. See United States v. Gomes, 621 F.3d 1343, 1346 (11th Cir. 2010)(holding that § 109 bars the FSA from affecting the punishment of a defendant who had committed the crime before the FSA took affect).

The policy statements that control are those found in U.S.S.G. Section 1B1.10. Section 1B1.10 of the Guidelines, the policy statement relevant to § 3582(c)(2), instructs that "a reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore not authorized under 18 U.S.C. § 3582(c)(2)" unless § 1B1.10(c) lists the applicable amendment.

Amendment § 782 is a United States Sentencing Commission Amendment that will change by two levels most of the Drug Quantity Table in USSG § 2D1.1(c) and the Drug Precursor Table in USSG § 2D1.11. The Drug Quantity Table in § 2D1.(c) applies to most drug offenses; it assigns different base offense levels to different quantities of drugs. The Drug Precursor table in § 2D1.11 only applies to offenses involving certain chemicals (like ephedrine

-5-

and pseudoephedrine) used to make certain drugs; it assigns different base offense levels to different quantities of drug precursors or chemicals.

Amendment § 782 will become affective and retroactive on November 1, 2014 if not rejected by Congress. This proposed Amendment also provides a new application note clarifying that this special instruction does not preclude the court from conducting sentence reduction proceedings and entering orders before November 1, 2015, provided that any order reducing the defendant's term of imprisonment has an effective date f November 1, 2015, or later. This was determined due to the Commission's concern that public safety, among other factors, requires a limitation on retroactive application of Amendment 782. And in light of the large number of cases potentially involved, the Commission determined that the agencies of the federal criminal justice system responsible or the offenders' reentry into society need time to prepare and to help the offenders prepare, for that reentry. For example, the Bureau of Prisons has the responsibility under 18 U.S.C. § 3624(c) to ensure, to the extent practicable, that the defendant will spend a portion of his or her term of imprisonment under conditions that will afford the defendant a reasonable opportunity to adjust to and prepare for his or her reentry into the community. ... As a result, offenders cannot be released from custody pursuant to retroactive application of Amendment 782 befoe November 1, 2015.

The Court may consider the factors found in Application Notes: 1. Application of Subsection (a)- (B) (iii)(<u>Post-Sentencing Conduct</u>.- The court may consider post-sentencing conduct of the defendant that occurred after imposition of the term of

imprisonment in determining: (I) whether a reduction in the defendant's term of imprisonment is warranted; and (II) the extent of such reduction, but only within the limits described in subsection(b).

The controlling application notes of Subsection (b)(1) and (b)(2) states and mandates as follows:

> 2. **Application of Subsection b)(1)**. - In determining the amended guideline range under subsection b)(1), the court shall substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced. All other guideline application decisions remain unaffected.
>
> 3. **Application of Subsection (b)(2)**. - Under subsection (b)(2), the amended guideline range determined under subsection (b)(1) and the term of imprisonment already served by the defendant limit the extent to which the court may reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement. Specifically, as provided in subsection (b)(2)(A), if the term of imprisonment imposed was within the guideline range applicable to the defendant at the time of sentencing, the court may reduce the defendant's term of imprisonment to a term that is no less than the minimum term of imprisonment provided by the amended guideline range determined subsection b)(1). For example, in a case in which: (A) the guideline range applicable to the defendant at the time of sentencing was 70 to 87 months; (B) the term of imprisonment imposed was 70 months; and (C) the amended guideline range determined under subsection (b)(1) is 51 to 63 months, the court may reduce the defendant's term of imprisonment, but shall not reduce it to a term less than 51 months.
>
> 5. **Application to Amemdment 750 (Parts A and C only)**. - As specified in subsection (d), the parts of Amendment 750 that are covered by this policy statement are Parts A and C only. Part A amended the Drug Quantity Table in § 2D1.1 for crack cocaine and made related revisions to the Drug Equivalency Tables in the commentary to § 2D1.1 (see §2D1.1, comment. (n.8)). Part C

> delated the cross reference in § 2D1.1(b) under which an offender who possessed more than 5 grams of crack cocaine was sentenced under §2D1.1.
>
> 6. Application to Amemdment 782. - As specified in subsection (d) and (e)(1), Amendment 782 (generally revising the Drug Quantity Table and chemical quantity tables across drug and chemical types) is covered by this policy statement only in cases in which the order reducing the defendant's term of imprisonment has an effective date of November 1, 2015, or later. ... Subsection (e)(1) does not preclude the court from conducting sentence reduction proceedings and entering orders under 18 U.S.C. § 3582(c)(2) and this policy statement before November 1, 2015, provided that any order reducing the defendant's term of imprisonment has an affective date of November 1, 2015, or later.

Amendment 782 has a limited application exclusion to term of imprisonment imposed due to revocations proceedings. On a term of imprisonment imposed as part of the original sentence is authorized to be reduced under this section. This section does not authorize a reduction in the term of imprisonment imposed upon revocation of supervised release. Id. Application Note 7(A).

And Application Note 7(B) states and manates:

> (B) **Modification Relating to Early Termination.** - If the prohibition in subsection (b)(2)(C) relating to time already served precludes a reduction in the term of imprisonment to the extent the court determines otherwise would have been appropriate as a result of the amended guideline range determined under subsection (b)(1, **the court may consider** any such reduction that it was unable to grant in connection with any motion for early termination of a term of supervised release under 18 U.S.C. § 3583(e)(1). However, the fact that a defendant may have served a longer term of imprisonment than the court determines would have been appropriate in view of the amended guideline range determined under subsection(b)(1) shall not, without more, provide a basis for early termination of supervised release. Rather, the court should take into account the totality of circumstances relevant to a decision to terminate supervised

> release, including the term of supervised release that would have been appropriate in connection with a sentence under the amended guideline range determined under subsection b)(1).

### Applicable Laws and Guideline Analysis

Section § 3582(c) of title 18, United States Code provides in relevant and permanent part:

> The court may not modify a term of imprisonment once it has been imposed except that --
>
> (1) in any case-
>
> *****
>
> (2) in the case of defendant who has been sentenced to a range that has subsequently been lowered by the Sentencing commission pursuant to 18 U.S.C. § 944(o) upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section § 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statement issued by the Sentencing Commission.

The Sentencing Commission's Applcation Note 8 dictates and mandates that the courts use the policy statement in effect on date on which the court reduces the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2).

> 8. **<u>Use of Policy Statement in Effect On Date of Reduction</u>**. - Consistent with subsection (a) of § 1B1.11(Use of guidelines Manual in Effect on Date of Sentencing), the court shall use the version of this policy statement that is in effect on the date on which the court reduces the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2).

18 U.S.C. § 3582(c)(2). As explained above, the sentencing range under which the defendant was originally sentence has been subsequently lowered by the Sentencing Commission. The lowered guideline ranges where entered into effect on Nov. 1, 2007, Said

amendment was subsequently made retroactive effective on Mar. 3, 2008 by App. C, amend. 713., And then by Amendment § 750 which went into effect on Nov 1, 2010, and said amendment was subsequently made retroactive effective November 1, 2011. See United States Sentencing Guideline 2011 Supp. To App. C, Amendment 750. And lastly of all Amendment 782 was pasted on Nov 1, 2014 and made retroactive immediately but with special instructions that the court shall not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the court's order is November 1, 2015, or later. The authority of the Sentencing Commission to make such amendment retroactive is found in 28 U.S.C. § 944(u). The implementation and policy statement of the new amendment is found at USSG § 1B1.10.

Movant is entitled to relief by having his sentence reduced by Six level due to the sentencing guideline range amendments that apply to cocaine base offense and sentences for general offenses which have been applied either drug or chemical guideline base offense level through §§ 2D1.1(c) or 2D1.11.

### POST SENTENCE CONDUCT

The United States Supreme Court, found in Pepper v. United States, 562 U.S. ___, 131 S.Ct. 1229 (2011), the significance of a Court's during a Defendant's sentencing of using appropriate weight in considering a defendant's Post Sentencing Rehabilitation evidence as well as any additional favorable conduct since the original sentence. This is one of the most significant considerations that Mr. Shelby Kenneth Moore, wishes the Court to consider once again. While imprisoned, Movant has taken advantage and availed himself of all opportunities offered regarding

rehabilitation. Defendant has tried to better himself by studying and by remedying the issues in his life that prompted him to engage in criminal conduct. Defendant continues to be proactive in his rehabilitation and in procuring his own betterment. Please see attached Exhibit "A", which consist of a list of Programs completed during his Post-Sentencing Rehabilitation.

## CONCLUSION

Movant Prays that this most Honorable District Court finds that his Pro-se 3582(c)(2) motion and claims raised herein have merits and grants the relief now being sought pursuant to the law and authority raised in support of the relief sought at this time and more so due to the fact that Congress addressed the Sentencing Commission's application for retroactive effect and unanimously ruled to allow retroactive application of the aforementioned amendments raised herein at this time.

Respectfully Submitted By

*Shelby Kenneth Moore*
Mr. Shelby Kenneth Moore, Pro-se Litigant
Federal Registration No: 71907-004
FCC Coleman-Medium/Unit A-4
Post Office Box 1032
Coleman, Florida 33521-1032

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have forward one true copy of the aforementioned motion for "3582(c)(2) Modification of Sentence" via first class mail through the Inmate Institutional Mail Service to the Clerk of Court and to the AUSA Janice Le Clainche at the U.S. Attorney's Office at 500 Australian Avenue, Suite #400, West Palm Beach, Florida 33401, on this date of October 27, in the year 2014 A.D.

TO: The Honorable Daniel T.K. Hurley

First of all I would like to say thank you! for taking out the time to read my letter of Concern. Sir, my name is (Shelby) Moore, and I am currently incarcerated here at Coleman F.C.I. Sir, since being incarcerated I have taken educational Programs in order to better myself, and to became a productive man in society. It has been my goal to educate myself, and learn the skills necessary to help me start my own business when I return to society, which is aerobics, and calisthenics, and to help other's feel good about themselves. Sir my incarceration has been heavy on my family, especially my Mother, and I regret, so very much to have caused them so much pain. My Mother as well as my children needs me. She is getting older, and can't do for herself as she once has. It is with all my heart, that I wish you will at the very least review, and consider helping me obtain a chance to make something out of my life.

Thank you,

*Shelby K. Moore*
Shelby K. Moore
Reg. No. 71907-004

```
       COMFD        *        INMATE EDUCATION DATA        *    10-28-2014
   PAGE 001 OF 001  *             TRANSCRIPT              *    15:17:10

   REGISTER NO: 71907-004      NAME..: MOORE                  FUNC: PRT
   FORMAT.....: TRANSCRIPT     RSP OF: COM-COLEMAN MED FCI

   ------------------------- EDUCATION INFORMATION -----------------------------
                                              START DATE/TIME  STOP DATE/TIME
   FACL ASSIGNMENT DESCRIPTION
   COM  ESL HAS    ENGLISH PROFICIENT         08-04-2003 1422  CURRENT
   COM  GED DN     DROPPED GED NON-PROMOTABLE 06-14-2006 1348  CURRENT
   COM  GED UNSAT  GED PROGRESS UNSATISFACTORY 06-14-2006 1348 CURRENT

   --------------------------- EDUCATION COURSES -------------------------------
                                              START DATE  STOP DATE  EVNT AC LV  HRS
   SUB-FACL  DESCRIPTION
   COM       INTERMEDIATE AEROBICS            08-04-2012 09-22-2012   P  C  P    4
   COM       BEGINNING AEROBICS               06-12-2012 07-27-2012   P  C  P    4
   COM       BEGINNING CALISTHENICS           11-15-2010 01-31-2011   P  C  P    4
   COM       ADVANCED CALISTHENICS            09-01-2010 11-04-2010   P  C  P    4
   COM       INTERMEDIATE CALISTHENICS        06-07-2010 08-19-2010   P  C  P    4
   COM       BEGINNING CALISTHENICS           03-15-2010 05-29-2010   P  C  P    4
   COP       FIELS MAINTENANCE CLASS          12-16-2008 01-16-2009   P  C  P    8
   COP       RPP5 RELEASE REQUIREMENT CLASS   10-04-2005 10-04-2005   P  C  P    1
   MIA       PGED ENGLISH CLASS 9AM-10:30AM   09-23-2004 10-18-2004   P  W  I   25
   MIA       PGED ENGLISH CLASS 7:30-9AM      08-11-2003 06-03-2004   P  W  I  180
   MIA       PARENTING FRI.2:00-3:30PM        10-24-2003 03-10-2004   P  C  P   40

   --------------------------- HIGH TEST SCORES --------------------------------
   TEST      SUBTEST       SCORE    TEST DATE    TEST FACL   FORM      STATE
   ABLE      LANGUAGE       6.8    09-09-2003     MIA         E
             NUMBER OPR     6.0    09-09-2003     MIA         E
             PROB SOLV      8.0    09-09-2003     MIA         E
             READ COMP     11.7    09-09-2003     MIA         E
             SPELLING      10.5    02-26-2004     MIA         E
             VOCABULARY     4.7    02-26-2004     MIA         E




   G0000         TRANSACTION SUCCESSFULLY COMPLETED
```

Shelby Kenneth Moore # 71907-004
Coleman Federal Correctional Complex
Coleman-Medium/Unit A-4
Post Office Box 1032
Coleman, Florida 33521-1032

LEGAL MAIL

TO: Clerk of Court
United States District Court
701 Clematis Street
West Palm Beach, Florida 33401

LEGAL MAIL

LEGAL MAIL

LEGAL MAIL

F.C.C. COLEMAN
MAIL ROOM
POB 1027
COLEMAN, FLORIDA
33521-1027

THE ENCLOSED LETTER WAS PROCESSED THROUGH SPECIAL MAILING. THE LETTER HAS BEEN NEITHER OPENED OR INSPECTED. IF THE WRITER RAISES A QUESTION OR A PROBLEM OVER WHICH THIS FACILITY HAS JURISDICTION, YOU MAY WISH TO RETURN THE MAIL FOR FURTHER INFORMATION OR CLARIFICATION. IF THE WRITER ENCLOSED CORRESPONDENCE FOR FORWARDING TO ANOTHER ADDRESSEE, PLEASE RETURN THE ENCLOSURE TO THE ABOVE ADDRESSEE.

DATE: 10/28/2014          MAIL ROOM STAFF