FILED BY HH D.C.
Feb 2, 2021
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

February 02, 2021

Clerk - Southern District of Florida
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

Appeal Number: 19-11199-EE
Case Style: USA v. Shelby Moore
District Court Docket No: 9:02-cr-80074-CMA-1

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being forwarded to counsel and pro se parties. A copy of the court's decision was previously forwarded to counsel and pro se parties on the date it was issued.

The enclosed copy of the judgment is hereby issued as mandate of the court. The court's opinion was previously provided on the date of issuance.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Lois Tunstall
Phone #: (404) 335-6191

Enclosure(s)

MDT-1 Letter Issuing Mandate

**UNITED STATES COURT OF APPEALS**
**For the Eleventh Circuit**

_____

No. 19-11199

_____

District Court Docket No.
9:02-cr-80074-CMA-1

UNITED STATES OF AMERICA,

                                                                                Plaintiff - Appellee,

versus

SHELBY KENNETH MOORE,
a.k.a. George,

                                                                                Defendant - Appellant.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

JUDGMENT

It is hereby ordered, adjudged, and decreed that the opinion issued on this date in this appeal is entered as the judgment of this Court.

Entered: January 04, 2021
For the Court: DAVID J. SMITH, Clerk of Court
By: Djuanna H. Clark

ISSUED AS MANDATE 02/02/2021

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-11199
Non-Argument Calendar
_____

D.C. Docket No. 9:02-cr-80074-CMA-1

UNITED STATES OF AMERICA,

           Plaintiff-Appellee,

versus

SHELBY KENNETH MOORE,
a.k.a. George,

           Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 4, 2021)

Before MARTIN, BRANCH, and BRASHER, Circuit Judges.

PER CURIAM:

    Shelby Moore, a federal prisoner, appeals the denial of his motion to reduce his sentence under Section 404 of the First Step Act of 2018, Pub. L. 115-391, 132

Stat. 5194. After the parties briefed this appeal, we appointed counsel for Moore and the parties jointly moved for summary reversal as to the sentences for Counts II and V in light of our decision in *United States v. Jones*, 962 F.3d 1290 (11th Cir. 2020). The government argued, however, that Moore should not be resentenced for Count I because it was not a covered offense. We since decided *United States v. Taylor*, -- F.3d --, 2020 WL 7239632 (11th Cir. 2020), and held that the offense in Count I is covered by the First Step Act as well. Because these two decisions entitle Moore to a limited resentencing, we GRANT the joint motion for summary reversal, VACATE Moore's sentence, and REMAND this case to the district court to determine whether to exercise its discretion to reduce Moore's sentence as to Counts I, II, and V.

## BACKGROUND

We presume familiarity with the factual and procedural history and describe it below only to the extent necessary to address the issues raised in this appeal.

Moore appeals his 420-month sentence for cocaine-related offenses. He was convicted of three counts relevant here: Count I for violating 21 U.S.C. § 841(a)(1), 841(b)(1)(A), and 846 by conspiring to possess with intent to distribute 5 kilograms of cocaine and 50 grams of crack cocaine; Count II for violating Sections 841(b)(1)(A) and 846 by conspiring to possess 50 grams or more of cocaine base; and Count V for violating Sections 841(a)(1), 841(b)(1)(B), and 860 by possessing

with intent to distribute 5 grams or more of cocaine base. The district court then sentenced Moore to concurrent 360-month terms of imprisonment as to Counts I, II, and V, a concurrent 120-month term as to his conviction for possessing a firearm as a fugitive from justice and a consecutive 60-month term as to his conviction for possessing a firearm during and in relation to a drug trafficking offense.

Moore later filed a *pro se* motion to modify his term of imprisonment. The district court followed the government's recommendation to reduce Moore's sentence to a total of 352 months. Moore then filed this motion to modify his sentence under the First Step Act and 18 U.S.C. § 3582(c). But the district court denied Moore's motion because his sentence "was previously reduced to post-Fair Sentencing Act levels and [his] Guidelines range has not changed." Moore filed a motion for reconsideration, which the court denied. Moore timely appealed.

After we decided *United States v. Jones*, the parties filed a joint motion for summary reversal, agreeing that "Moore was sentenced for, at least, two covered offenses." The parties also agree that Moore is eligible to have the district court decide whether to exercise its discretion "to reduce his sentence in consideration of the statutory and guideline ranges that would apply 'as if' the Fair Sentencing Act's higher crack amount thresholds were in effect" because he is "not already serving 'the lowest statutory penalty that also would be available to him under the Fair Sentencing Act.'" The government did not, however, concede that Count I is a

covered offense. The government argued that "[r]egardless of whether Moore's crack cocaine amount still triggers his original statutory penalty range, five kilograms or more of powder cocaine does." We then decided in *United States v. Taylor* that "a federal drug crime involving both crack cocaine and another controlled substance can be a 'covered offense' as that term is defined in the Act." -- F.3d --, 2020 WL 7239632, at *1.

## DISCUSSION

The parties ask us to summarily reverse Counts II and V and remand this case to the district court for resentencing based on *Jones*. Moore also asks us to reverse Count I. We review de novo whether a district court has the authority to reduce a sentence under the First Step Act. *United States v. Jones*, 962 F.3d 1290, 1296 (11th Cir. 2020). Summary disposition is appropriate when "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

District courts lack any inherent authority to modify a term of imprisonment and can do so only to the extent a statute expressly permits. 18 U.S.C. § 3582(c)(1)(B). The First Step Act permits courts to reduce some previously imposed terms of imprisonment for offenses involving crack cocaine. The Act effects this reduction by making retroactive the statutory penalties for covered offenses under

the Fair Sentencing Act. A "covered offense" is "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act …, that was committed before August 3, 2010." § 404(a). But the First Step Act does not curb the district court's discretion: "Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section." § 404(c).

In *Jones*, we held that the First Step Act's definition of a "covered offense" includes pre-2010 drug-trafficking conspiracies involving only crack cocaine. 962 F.3d at 1301–02. We also noted that a drug-trafficking offense involving only powder cocaine would not be a covered offense. *Id.* at 1298, 1300. Then in *Taylor*, we held that the First Step Act's definition of a "covered offense" includes multidrug conspiracies involving both crack and powder cocaine. -- F.3d --, 2020 WL 7239632, at *3.

The three offenses at the heart of Moore's appeal each involved crack cocaine. Because the Fair Sentencing Act modified the statutory penalties for Moore's offenses based on the amount of crack cocaine attributable to him, these three counts are covered offenses under the First Step Act. The parties agree that Counts II and V are covered offenses. As for Count I, the government makes the same argument here that we rejected in *Taylor*: that a mixed powder and crack cocaine offense is not covered by the Act because the "offense would still trigger the same statutory

5

sentencing range of ten years to life after the Fair Sentencing Act." *Id.* at *4. We held in *Taylor* that "[t]his argument overlooks the fact that the 'statutory penalties for' a drug-trafficking offense include *all* the penalties triggered by every drug-quantity element of the offense, not just the highest tier of penalties triggered by any one drug-quantity element." *Id.* Moore is entitled to resentencing on Counts I, II, and V.

On remand, the district court may not conduct a plenary or de novo resentencing. *United States v. Denson*, 963 F.3d 1080, 1089 (11th Cir. 2020). The court may not (1) change Moore's original guidelines calculations that would not be affected by sections two or three of the Fair Sentencing Act; (2) reduce Moore's sentence on the covered offense based on changes in the law beyond those mandated by sections two and three; or (3) change the defendant's sentences on counts that are not covered offenses. *Id.* But the court retains a wide latitude in determining whether and how to exercise its discretion.

## CONCLUSION

Because the three offenses challenged by Moore are all covered offenses under the Fair Sentencing Act, Moore's sentence is VACATED, and his case is REMANDED to the district court for resentencing as set out in this opinion.