# United States District Court
## Southern District of Florida
#### MIAMI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | **SECOND AMENDED JUDGMENT IN A CRIMINAL CASE** |
| **v.** | **Case Number - 9:02-80074-CR-ALTONAGA-1** |
| **SHELBY KENNETH MOORE** | USM Number: 71907-004 |

Counsel for Defendant: Lori Barrist, AFPD
Counsel for the United States: Adam McMichael, AUSA
Court Reporter: Glenda Powers

_____
DATE OF ORIGINAL JUDGMENT:   May 28, 2021
Reason for Amendment:   Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

The defendant was found guilty of Counts 1, 2, 5, 6, 7, 8, 9, and 10 of the Second Superseding Indictment.
The defendant is adjudicated guilty of the following offenses:

| TITLE/SECTION NUMBER | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 21 U.S.C. § 846 | Conspiracy to possess with intent to distribute five kilograms or more of a mixture containing cocaine and 50 grams or more of a mixture containing crack cocaine | August 9, 2000 | 1 |
| 21 U.S.C. § 846 | Conspiracy to possess with intent to distribute 50 grams or more of a mixture containing crack cocaine | January 31, 2000 | 2 |
| 21 U.S.C. § 860(a) | Possess with intent to distribute five grams or more of a mixture containing a detectable amount of crack cocaine within 1000 feet of a school | April 3, 2002 | 5 |
| 18 U.S.C. § 924(c) | Possession of a firearm during and in relation to a drug trafficking crime | April 3, 2002 | 6 |
| 18 U.S.C. § 922(g)(2) and § 924(a)(2) | Possession of a firearm by a fugitive from justice | April 3, 2002 | 7 |
| 18 U.S.C. § 922(g)(2) and § 924(a)(2) | Possession of ammunition by a fugitive from justice | April 3, 2002 | 8 |
| 18 U.S.C. § 922(g)(9) and § 924(a)(2) | Possession of a firearm by a person convicted in a court of a misdemeanor crime of domestic violence | April 3, 2002 | 9 |
| 18 U.S.C. § 922(g)(9) and § 924(a)(2) | Possession of ammunition by a person convicted in a court of a misdemeanor crime of domestic violence | April 3, 2002 | 10 |

The defendant is sentenced as provided in the following pages of this judgment.   The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

The defendant was found not guilty of Counts 3 and 4.

DEFENDANT: SHELBY KENNETH MOORE
CASE NUMBER: 9:02-80074-CR-ALTONAGA-1

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.   If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material changes in economic circumstances.

Date of Imposition of Sentence:
May 28, 2021

**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

June 1, 2021

DEFENDANT: SHELBY KENNETH MOORE
CASE NUMBER: 9:02-80074-CR-ALTONAGA-1

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **352 months**, consisting of 292 months as to Counts 1, 2, and 5 which shall run concurrently with each other; 120 months as to Count 7, which shall run concurrently with the term imposed in Counts 1, 2, and 5 (Counts 8, 9, and 10 are merged with Count 7, therefore no separate term of imprisonment shall be imposed); and 60 months as to Count 6, which shall run consecutively to the terms imposed as to Counts 1, 2, 5, and 7.

The defendant is remanded to the custody of the United States Marshal.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____

UNITED STATES MARSHAL

By:_____

Deputy U.S. Marshal

DEFENDANT: SHELBY KENNETH MOORE
CASE NUMBER: 9:02-80074-CR-ALTONAGA-1

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **6 years**, consisting of 6 years as to Count 5, 5 years as to Counts 1 and 6, 4 years as to Count 2, and 3 years as to Count 7. (Counts 8, 9, and 10 are merged with Count 7, therefore no separate term of supervised release shall be imposed).  All terms of supervised release shall run concurrently with each other.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

**The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.**

**The defendant shall cooperate in the collection of DNA as directed by the probation officer.**

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1.    The defendant shall not leave the judicial district without the permission of the court or probation officer;
2.    The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first fifteen days of each month;
3.    The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4.    The defendant shall support his or her dependents and meet other family responsibilities;
5.    The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6.    The defendant shall notify the probation officer **at least ten (10) days prior** to any change in residence or employment;
7.    The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8.    The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9.    The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10.   The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11.   The defendant shall notify the probation officer within **seventy-two (72) hours** of being arrested or questioned by a law enforcement officer;
12.   The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13.   As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

USDC FLSD 245B (Rev. 09/08) - Judgment in a Criminal Case

DEFENDANT: SHELBY KENNETH MOORE
CASE NUMBER: 9:02-80074-CR-ALTONAGA-1

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of supervised release:

**Permissible Search -** The defendant shall submit to a search of his/her person or property conducted in a reasonable manner and at a reasonable time by the U.S. Probation Officer.

**Unpaid Restitution, Fines, or Special Assessments -** If the defendant has any unpaid amount of restitution, fines, or special assessments, the defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay.

USDC FLSD 245B (Rev. 09/08) - Judgment in a Criminal Case

DEFENDANT: SHELBY KENNETH MOORE
CASE NUMBER: 9:02-80074-CR-ALTONAGA-1

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on the Schedule of Payments sheet.

| **Total Assessment** | **Total Fine** | **Total Restitution** |
|---|---|---|
| **$500.00** | **0** | 0 |

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: SHELBY KENNETH MOORE
CASE NUMBER: 9:02-80074-CR-ALTONAGA-1

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

    A.  Lump sum payment of **$500.00** due immediately.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment.   All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

**The assessment/fine/restitution is payable to the CLERK, UNITED STATES COURTS and is to be addressed to:**

    **U.S. CLERK'S OFFICE**
    **ATTN: FINANCIAL SECTION**
    **400 NORTH MIAMI AVENUE, ROOM 8N09**
    **MIAMI, FLORIDA 33128-7716**

**The assessment/fine/restitution is payable immediately.   The U.S. Bureau of Prisons, U.S. Probation Office and the U.S. Attorney's Office are responsible for the enforcement of this order.**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution,(7) penalties, and (8) costs, including cost of prosecution and court costs.