# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

September 23, 2022

Clerk - Southern District of Florida
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

FILED BY ___JE___ D.C.
Sep 23, 2022
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

Appeal Number: 21-11912-JJ
Case Style: USA v. Shelby Moore
District Court Docket No: 9:02-cr-80074-CMA-1

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being forwarded to counsel and pro se parties. A copy of the court's decision was previously forwarded to counsel and pro se parties on the date it was issued.

The enclosed copy of the judgment is hereby issued as mandate of the court. The court's opinion was previously provided on the date of issuance.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Lois Tunstall
Phone #: (404) 335-6191

Enclosure(s)

MDT-1 Letter Issuing Mandate

# In the
# United States Court of Appeals
# For the Eleventh Circuit

_____

No. 21-11912

_____

UNITED STATES OF AMERICA,

                                                              Plaintiff-Appellee,

*versus*

SHELBY KENNETH MOORE,

                                                              Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:02-cr-80074-CMA-1

_____

JUDGMENT

ISSUED AS MANDATE: 09/23/2022

2                                                                           21-11912

It is hereby ordered, adjudged, and decreed that the opinion issued on this date in this appeal is entered as the judgment of this Court.

Entered: August 25, 2022

For the Court: DAVID J. SMITH, Clerk of Court

[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 21-11912

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

                                                          Plaintiff-Appellee,

*versus*

SHELBY KENNETH MOORE,

                                                          Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:02-cr-80074-CMA-1

_____

Before JILL PRYOR, BRANCH, and BRASHER, Circuit Judges.

PER CURIAM:

Shelby Moore, a federal prisoner serving a total sentence of 352 months' imprisonment, appeals the denial of his motion for a reduced sentence under the First Step Act. He argues that the district court failed to explain the reasons for its sentence, improperly weighed the 18 U.S.C. § 3553(a) factors, and ignored mitigating evidence of his post-conviction rehabilitation. After careful review, we affirm.

## I. BACKGROUND

In 2002, a jury convicted Shelby Moore of conspiracy to possess with intent to distribute cocaine and crack cocaine (Count One); conspiracy to possess with intent to distribute crack cocaine (Count Two); conspiracy to possess with intent to distribute crack cocaine within 1,000 feet of a school (Count Five); possession of a firearm in furtherance of a drug trafficking crime (Count Six); possession of a firearm as a fugitive from justice (Count Seven); possession of ammunition as a fugitive from justice (Count Eight); possession of a firearm having been convicted of misdemeanor domestic violence (Count Nine); and possession of ammunition having been convicted of misdemeanor domestic violence (Count Ten).

The district court sentenced Moore to 360 months' imprisonment as to Counts One, Two, and Five, to be served concurrently; 60 months as to Count Six, to be served consecutively; and

Case 9:02-cr-80074-CMA   Document 217   Entered on FLSD Docket 09/23/2022   Page 6 of 13
USCA11 Case: 21-11912   Date Filed: 08/25/2022   Page: 3 of 8

21-11912               Opinion of the Court                3

120 months as to Counts Seven through Ten, to be served concurrently; for a total sentence of 420 months. The district court also imposed eight years of supervised release.

In 2014, Moore moved to reduce his 360-month sentence on Counts One, Two, and Five, based on Amendments 706, 750, and 782 to the Sentencing Guidelines, which lowered the offense levels for crack cocaine offenses. The district court granted the motion, reducing his sentences on those counts to 292 months, bringing his total sentence down to 352 months.

In 2019, Moore moved for another sentence reduction as to the drug-related counts of his conviction, this time under the First Step Act and 18 U.S.C. § 3592(c)(2). He explained that, at the time of his sentencing, the court found that the total relevant conduct involved 8,739 grams of crack cocaine, corresponding with a base offense level of 38, which was enhanced by two levels for lying under oath at trial. He argued that because the First Step Act made the reductions to crack cocaine sentences contained in the Fair Sentencing Act, Pub. L. No. 111-220, 124 Stat. 2372 retroactive, his relevant conduct involved only 495 grams of crack cocaine, corresponding to a base offense level of 30. Further, Moore argued that he was entitled to an additional two-level reduction under Amendment 706, which retroactively applied a two-level reduction to all crack cocaine offenses. Moore argued that he was entitled to a new base level offense of 28 and a criminal history category of III, which yielded a sentencing range of 97 to 121 months, plus the additional sixty-month sentence for Count Six. Accordingly, he requested that

the district court resentence him to a total of 157 months' imprisonment.

The district court denied Moore's motion on the basis that his sentences for the drug charges had already been reduced to post-Fair Sentencing Act levels, and that he was not eligible for another sentencing reduction. Moore moved for reconsideration, which the district court denied, and Moore appealed. On appeal, we vacated and remanded the district court's order denying a sentence reduction, holding that Counts One, Two, and Five were covered offenses under the Fair Sentencing Act and that Moore was eligible for a limited resentencing on those counts under the First Step Act. *See United States v. Moore*, 839 F. App'x 401 (11th Cir. 2021).

Moore then filed a memorandum in district court requesting a reduction in his 292-month prison sentence for Counts One, Two, and Five and a reduction in his term of supervised release. Moore argued that a reduction was justified by the 18 U.S.C. § 3553(a) factors, his post-sentencing rehabilitation, his non-violent behavior in prison, and his positive relationships with family members, among other things.

The district court, in its discretion, declined to further reduce Moore's 292-month sentence for Counts One, Two, and Five. It explained that it had "carefully considered the factors in 18 U.S.C. § 3553(a)," especially the nature and circumstances of the offense. It emphasized that Moore's crime was a "blatant" and "persistent" one, involving a large quantity of drugs and a firearm, that Moore

Case 9:02-cr-80074-CMA Document 217 Entered on FLSD Docket 09/23/2022 Page 8 of 13
USCA11 Case: 21-11912 Date Filed: 08/25/2022 Page: 5 of 8

21-11912               Opinion of the Court                5

had never accepted responsibility, and that Moore had perjured himself at trial. It also considered Moore's individual history and circumstances, noting that: he was "not a terribly young man" when he was arrested at age thirty-one; he had a long criminal history; and that before being arrested he was legitimately employed such that he did not need to sell drugs for survival.

The court then discussed Moore's behavior post-conviction. It noted that Moore had worked and taken classes while incarcerated, but that it was "not unusual" for someone serving a long sentence to work to "occupy one's time." And it noted that his disciplinary record in prison was "not remarkable"—though Moore had never been cited for violent behavior, he had received five disciplinary infractions. Accordingly, the court declined to further reduce Moore's total prison sentence of 352 months, though it reduced his term of supervised release from eight to six years. Moore objected to the procedural and substantive reasonableness of the sentence. Moore then appealed.

## II.

We review a district court's denial of an eligible movant's request for a reduced sentence under the First Step Act for an abuse of discretion. *United States v. Jones*, 962 F.3d 1290, 1296 (11th Cir. 2020). A district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper

| 6 | Opinion of the Court | 21-11912 |

factors. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc).

On appeal, Moore argues that the district court abused its discretion by failing to explain the reasons for its sentence, failing to properly weigh the Section 3553(a) factors, and failing to consider mitigating evidence of his post-conviction rehabilitation. The government responds that the district court considered the Section 3553(a) sentencing factors, even though it is not required to do so when resolving First Step Act motions. The government also argues that the district court adequately considered Moore's mitigating evidence and was within its discretion to determine that that evidence was outweighed by other factors, including the nature of Moore's offenses and his criminal history. We agree.

District courts have the authority to reduce eligible movants' sentences under the First Step Act, but they are not required to do so. *Jones*, 962 F.3d at 1304. Instead, "[d]istrict courts have wide latitude to determine whether and how to exercise their discretion in this context." *Id.* Further, in ruling on a motion for a reduced sentence under the First Step Act, a district court may—but is not required to—consider the 18 U.S.C. § 3553(a) factors. *United States v. Stevens*, 997 F.3d 1307, 1316 (11th Cir. 2021).

District courts must, however, provide a reasoned basis for their decision. Where intervening changes of law or fact are raised by the movant, sentencing courts must consider them. *See Concepcion v. United States*, 142 S. Ct. 2389, 2396 (2022) (explaining that the First Step Act requires district courts to consider

21-11912               Opinion of the Court                          7

intervening changes of law or of fact when parties raise them, though it does not compel courts to exercise their discretion to reduce any sentence based on those arguments). And they must adequately explain their sentencing decision in such a way to allow for meaningful appellate review. *Id.* at 2404 (holding that, when deciding a First Step Act motion, district courts bear the "standard obligation" to explain their decisions and demonstrate that they considered the parties' arguments).

Here, the district court did not abuse its discretion in denying Moore's motion for a sentence reduction. The district court recognized that Moore was eligible for a sentence reduction under the First Step Act, but in its considerable discretion decided not to reduce his sentence. The district court adequately explained that it was denying Moore's motion based on the nature and circumstances of his offense, including the drug quantity involved; his use of a firearm; his criminal history; his failure to accept responsibility; and his obstruction of justice at trial. And the district court explained that it had considered the Section 3553(a) sentencing factors—even though it was not required to.

Moore argues that the district court did not afford adequate consideration to other factors weighing in favor of a sentence reduction, such as his post-conviction rehabilitation. But the district court explicitly considered Moore's post-conviction rehabilitation, fulfilling its obligation to consider intervening changes of fact raised by the movant under *Concepcion*. It made a reasoned decision that those factors were outweighed by the numerous factors

| 8 | Opinion of the Court | 21-11912 |

that counseled against a sentence reduction. And we do not reweigh on appeal the considerations for or against granting a motion for a sentence reduction under the First Step Act, an act committed to the "wide latitude" of the district court's discretion. *See Jones*, 962 F.3d at 1304. The district court articulated a reasoned basis for its decision denying Moore's request for a sentence reduction, providing ample basis for meaningful appellate review. That is enough. For these reasons, we affirm the district court's ruling.

**AFFIRMED.**

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

August 25, 2022

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 21-11912-JJ
Case Style: USA v. Shelby Moore
District Court Docket No: 9:02-cr-80074-CMA-1

Electronic Filing
All counsel must file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause. Although not required, non-incarcerated pro se parties are permitted to use the ECF system by registering for an account at www.pacer.gov. Information and training materials related to electronic filing are available on the Court's website. Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call <u>Tiffany A. Tucker, JJ</u> at <u>(404)335-6193</u>.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Djuanna H. Clark
Phone #: 404-335-6151

OPIN-1 Ntc of Issuance of Opinion